# NEW RELIANCE GOLD-MINING COMPANY, Appellant, v. OFER GOLD-MINING COMPANY, Respondent.

## (205 N. W. 377.)

### (File No. 5335.  Opinion filed October 2, 1925.)

1. **Mines and Minerals—Contracts—Options—On Forfeiture of Option Contract for Sale of Mining Properties, Interest on Deferred Payments Could Not Be Recovered.**

   Option contract for sale of mining property, which provided for deferred payments to draw interest, and that failure to make payments worked forfeiture without damages, held to require payments of interest on deferred payments only in case contract was not forfeited.

2. **Evidence—Contracts—Parol Evidence Held Inadmissible to Alter or Explain Option Contract for Sale of Mining Property.**

   Parol evidence held inadmissible, under Rev. Code 1919, Secs. 868, 869, to alter or explain option contract for sale of mining property, terms of which clearly disclosed intent of parties.

3. **Mines and Minerals—Forfeiture—Plaintiff Cannot Recover Payment on Option Contract After Forfeiture by Failure to Make Such Payment.**

   Where an option contract for sale of mining property provided that failure to make payments worked forfeiture, a failure to make second payment worked forfeiture of contract, and such payment could not be recovered, even though option was not surrendered at the time.

Appeal from Circuit Court, Lawrence County; Hon. JAMES McNENNY, Judge.

Action by the New Reliance Gold-Mining Company against the Ofer Gold-Mining Company. From an order sustaining the demurrer, plaintiff appeals. Affirmed.

*Hayes & Heffron,* of Deadwood, for Appellant.
*Chambers Kellar,* of Lead, for Respondent.

(1) To point one of the opinion, Appellant cited: Jewett v. McGillicuddy (Neb.), 75 N. W. 1099; Hornstein v. Cifuno (Neb.), 125 N. W. 136; In re Howard, 207 Fed. 402; Dewey v. Bowman, 8 Cal. 145; Salazar v. Taylor (Colo.), 33 Pac. 369; Elwood v. McDill (Ia.), 75 N. W. 340; Conners v. Hollard, 113 Mass. 50; Lines v. Potter (S. D.), 176 N. W. 150.

Respondent cited: 22 Cyc. 1469; Smith v. Johnson, 30 S. D. 200, 138 N. W. 18; North Star Boot and Shoe Co. v. Stebbins, 3 S. D. 540, 54 N. W. 593; 22 Cyc. 1482; Koehring v. Muemminghoff, 61 Mo. 403, 21 Am. Rep. 402; Hollywood Union High School Dist. v. Keyes, 107 Pac. 129; Tanner v. Dundee Land Investment Co., 12 Fed. 646.

(2) To point two, Respondent cited: Miller v. St. Paul Co., 26 S. D. 454, 127 N. W. 609; Bliss v. Waterbury, 33 S. D. 214, 145 N. W. 435; Anderson v. Matheney, 17 S. D. 225, 95 N. W. 911; Strunk v. Smith, 8 S. D. 407, 66 N. W. 926; Schmitz v. Hawkeye G. M. Co., 8 S. D. 544, 67 N W. 618; Thompson v. M'Kee, 5 Dak. 172, 37 N. W. 367; Western Pub. House v. Murdick, 4 S. D. 207, 56 N. W. 120; 22 C. J. 1075; Washabaugh v. Hall, 4 S. D. 168, 56 N. W. 82; Union Selling Co. v. Jones, 128 Fed. 672; Riddell v. Peck-Williams Heating, etc., Co., 69 Pac. 241; Cliver v. Heil, 70 N. W. 346; Warren v. Wheeler, 49 Mass. 97; Fawkner v. Smith Wall Paper Co., 55 N. W. 200, 45 Am. S. R. 230; LaFarge v. Rickert, 21 Am. Dec. 209; Godkin v. Monahan, 83 Fed. 116; In re Clairfield Lumber Co., 194 Fed. 181.

Appellant cited: Inner Shoe Tire Co. v. Knapp Brown Co., 163 N. W. 572; National Cash Register Co. v. Pfister, 5 S. D. 142.

DILLON, J. This is a proceeding to enforce the payment of interest on an option contract, which had been forfeited. The facts are all undisputed. On July 28, 1920, a contract was entered into by the plaintiff and defendant, under the terms of which the plaintiff sold to defendant an option on certain mining

properties in Lawrence county, this state.   The purchase price was
$100,000, which was to be paid in installments.   The first install-
ment of $1,000 was paid at the time the contract was executed,
and the balance of the payments were to be made as follows:
$2,000 on or before January 1, 1921; $2,000 on or before July 1,
1921; $5,000 on or before October 1, 1921; $5,000 on or before
January 1, 1922; $5,000 on or before April 1, 1922; $10,000 on
or before July 1, 1922; $10,000 on or before October 1, 1922;
$10,000 on or before January 1, 1923; $15,000 on or before April
1, 1923; $15,000 on or before July 1, 1923; $20,000 on or before
October 1, 1923.

The provisions of the contract, material to this case, are:
That "all deferred payments shall draw interest at the rate of 7
per cent per annum"; and that the party of the second part (de-
fendant) should have the right to anticipate the payments and
interest thereon; and that the failure to make the payments, as
above specified would constitute a forfeiture of the contract; and
that no claim for damages, because of said forfeiture and failure
to complete the payments, should attach to the party of the sec-
ond part (defendant) or be asserted against it.   In its complaint,
plaintiff set up four causes of action, each cause being based on
the option contract, and to all of which defendant demurred.   The
lower court denied defendant's demurrers to the first and second
causes of action and sustained defendant's demurrers to the third
and fourth causes of action.   It is from the order of the lower
court sustaining defendant's demurrers to the third and fourth
causes of action, that plaintiff now appeals.

In its third cause of action, appellant contends that respon-
dent is under obligation to pay 7 per cent interest on the $89,000
during the time the contract was in force, viz., from July 29,
1920, to January 9, 1921, amounting to $3,080, together with 7
per cent interest on this amount, making a total of $3,409.   In its
fourth cause of action, appellant contends that, inasmuch as re-
spondent did not surrender the option until January 9, 1921, to-
gether with the real properties therein described, the second in-
stallment of $2,000 is due and payable to plaintiff.

Respondent contends that the right of forfeiting the option
by nonpayment of the installments, as specified, when due, neces-
sarily included the privilege of not paying the interest, subsequent

to the forfeiture of the option; that the contract was very specific in its wording, and that parol evidence as offered by the appellant in support of its amended complaint would tend to impeach the written contract.

[1, 2] It is conceded that the contract is a mere option, and forfeitable at the will of the respondent. The contract specifically provides that failure to make any of the payment, when due, "shall work a forfeiture of this option and contract, and said contract shall immediately become null and void and all sums theretofore paid upon the purchase price shall become forfeited." Respondent saw fit to exercise its right to forfeit the contract by the nonpayment of the second installment which was due "on or before January 1, 1921." The contract was, therefore, null and void after such date. The clause "all deferred payments shall draw 7 per cent interest," which was incorporated in the contract, could only be construed to apply in case the contract was not forfeited, and parol evidence offered by appellant cannot now be considered to alter the meaning of the written contract.

"The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Section 868, R. C. 1919.

"When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article." Section 869, R. C. 1919.

Were we to consider the parol evidence that was offered by the appellant in its amended complaint, the clause, "no claim for damages because of said forfeiture and failure to complete the payments shall attach to the party of the second part (respondent) or be asserted against it," would be nullified. We think the intent of the contract is very apparent, and same cannot now be altered by an alleged verbal agreement. The contract provided that if respondent failed to make payments "as above specified" (and interest was above specified), said failure would work a forfeiture. The contract also provided that "the second party (respondent) shall have the right to make any or all of the above payment at any time, and when any payment is anticipated the interest thereon shall be charged up only to the date of payment." It would seem, therefore, that the date for the payment of interest was impliedly

fixed for the same date the various payments matured, and when respondent forfeited the contract, he was no longer liable for either the deferred payments or for the interest thereon. The only construction that can be put upon the contract is that failure to make the payments, as specified in the contract, necessarily included the interest on such payments.

[3] Plaintiff's contention that defendant is liable for the second installment of $2,000, because he did not surrender the option for some eight days after the date of the second installment was due, is entirely without merit. The very fact that defendant failed to make the second payment on January 1, 1921, worked a forfeiture of the contract and same was null and void after that date.

The order of the lower court, sustaining defendant's demurrer to plaintiff's third and fourth causes of action, is affirmed.

Note.—Reported in 205 N. W. 377. See, Headnotes (1) and (3), American Key-Numbered Digest, Mines and Minerals, Key-No. 53, 27 Cyc. 676; (2) Evidence, Key-No. 400(2), 22 C. J. Sec. 1472.